# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JAMES SHEBBY, | CV F   03 6487 REC LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.  1.) |
| DERRAL ADAMS, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK FORM |
| Defendants. | |

Joshua James Shebby ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on October 24, 2003 alleging that thirty-six (36) defendants were deliberately indifferent to plaintiff's medical needs.  The Court dismissed the Complaint with leave to amend on March 7, 2005, and on March 23, 2005, Plaintiff filed an

1

Amended Complaint.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on July 2, 2002, he broke his ankle while housed at Tehachapi State Prison (CCI) Segregated Housing Unit and was seen by John Doe who was deliberately indifferent and unconcerned with his injury. Plaintiff contends that his ankle was x-rayed the same day but that Dr. Korad failed to order any ambulatory device such as crutches, or a cane.

Plaintiff states he complained to correctional staff on numerous occasions and that such complaints were personally made to Officers Barr, Lopez, Rivera, and Thompson to failed to provide him with medical care. Plaintiff also complained about his pain to Medical Technical Assistant Carrew but did not get crutches or a cane. In July of 2002, Defendant Barr ordered

Plaintiff to exit his cell for repairs. Plaintiff was placed in mechanical restraints but Defendant Barr was unable to support Plaintiff physically as procedure dictates and Plaintiff fell re-injuring his ankle. Defendant Barr refused to summon medical attention.

On July 11, 2002, Plaintiff was transported to Corcoran State Prison to be seen by an Orthopaedic Surgeon. Plaintiff states he learned that his foot was broken and that he was made to be without treatment for nine days. Plaintiff also asserts that he was not given any ambulatory aids during this period which was demeaning and humiliating. On July 12, 2002, Plaintiff was taken to Kern Medical Center for surgery for the injury sustained to his ankle the first time. Plaintiff states that this is because of the Defendant's "deliberate indifference." Plaintiff names Dr. Bernard Korad, Correctional Officers Barr, Lopez, Rivera, Thomson, Medical Technical Assistant Carrew, Facility Captain Traynham and Does 1 to 20 as Defendants and is seeking is seeking monetary damages.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

federal rights.

Plaintiff was previously informed of the linkage requirement, however, as noted below, he again fails to link some of the Defendant to any act or omission giving rise to the Constitutional violations alleged.

### 2. Eighth Amendment - Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of

deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

As in the case before, Plaintiff's allegation that Dr. Korad did not provide him with crutches or a cane is a disagreement with treatment. As such, Plaintiff does not state a cognizable claim for relief against him.

Plaintiff alleges that he complained about his pain to various individuals, however, his allegations are not specific in that they do not allege facts that these defendants knew of and disregarded a *serious risk* to Plaintiff's health. Plaintiff's allegations are conclusory. Plaintiff must be specific regarding his requests for medical care, to whom they were made, when they were made and the result. A general statement that he complained to staff about his condition is insufficient.

Plaintiff's allegation that he complained to MTA Carrew that he needed a cane or walking aid is again, a disagreement in treatment. Plaintiff does not allege facts that MTA's failure to get him a cane constituted an Eighth Amendment violation. As stated above, to state a cognizable Eighth Amendment claim he must allege facts to support the elements outlined above.

Plaintiff allegation that Defendant Barr was unable to support him physically, that he fell re-injuring his ankle and that Defendant bar did not summon medical care is also insufficient to state a claim for relief. Plaintiff does not allege facts that Defendants actions or inaction posed a serious risk to Plaintiff's health. Plaintiff should note that merely stating that Defendant Barr was deliberately indifferent or repeating the above is insufficient. Again, Plaintiff must allege facts that demonstrate the elements of an Eighth Amendment claim.

As noted above, Plaintiff does not link Doe Defendants 1 through 20 or Defendants Traynham, Lopez, Rivera or Thomson to any act or omission giving rise to a constitutional violation. Plaintiff states, in a conclusory fashion, that these Defendants "failed in their duty to summon medical care." However, there are no facts alleged that support that these individuals knew of and disregarded a serious risk to Plaintiff's health.

### 3. Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2001). "To establish

1  negligence, a party must prove the following: (a) a legal duty to use due care; (b) a breach of such
2  legal duty; (c) the breach as the proximate or legal cause of the resulting injury." Hair v. State, 2
3  Cal. Rptr. 2nd 871, 875 (Cal. Ct. App. 1991) (*citations omitted*).
4      Plaintiff does not allege sufficient facts to give rise to a state law claim of negligence.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with the opportunity to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint **how the conditions complained of resulted in a deprivation of his constitutional rights.** See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). **The Second Amended Complaint must specifically state how each Defendant is involved.** Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Second Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1.     The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **May 24, 2006**              /s/ Lawrence J. O'Neill
b9ed48                               UNITED STATES MAGISTRATE JUDGE