# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JAMES SHEBBY,<br><br>        Plaintiff,<br><br>   v.<br><br>DERRAL ADAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-cv-06487-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF EIGHTH AMENDMENT AND NEGLIGENCE CLAIMS, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, RECOMMENDING DISMISSAL OF INJUNCTIVE RELIEF CLAIM, AND RECOMMENDING PLAINTIFF BE GRANTED ONE FINAL OPPORTUNITY TO FILE A THIRD AMENDED COMPLAINT AS TO HIS ADA CLAIM ONLY<br><br>(Doc. 21) |

I.    <u>Findings and Recommendations Following Screening of Second Amended Complaint</u>

    A.    <u>Procedural History</u>

Plaintiff Joshua James Shebby ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. Plaintiff filed this action on October 24, 2003. On March 7, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed a first amended complaint on March 23, 2005, and on May 24, 2006, the court again dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed a second amended complaint on June 26, 2006.

///

///

1

B.       Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

C.  Plaintiff's Claims

Plaintiff is currently housed at California State Prison-Corcoran ("CSP-Corcoran"). The events at issue in this action allegedly occurred at the California Correctional Institution ("CCI") in Tehachapi and the California Substance Abuse Treatment Facility and State Prison-Corcoran ("CSTAF"), where plaintiff was housed at the time. Plaintiff names CCI staff members Dr. Alan Yin, Lieutenant B. Covey, Sergeant Mick, Chief Medical Officer John W. Moore, Correctional Officers Barr, Rivera, Thomson, and Doe 1; and CSTAF staff members Dr. David Kyle, Dr. Perlita A. McGuinness, Correctional Officer Doe 2, and Sergeant Doe 3 as defendants. Plaintiff is seeking money damages and injunctive relief based on alleged violations stemming from his medical care and general conditions of confinement. Plaintiff's claims arise from the care, or lack thereof, he was provided with following an incident on July 2, 2002, in which plaintiff broke his ankle while playing basketball at CCI.

1. Eighth Amendment Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint

3

is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Further, although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, and personal safety. Rhodes, 452 U.S. at 347; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

      a.   Claim Against Defendant Yin

Plaintiff alleges that pursuant to defendant Yin's order, an x-ray of his ankle was taken. Plaintiff alleges that he was sent back to his cell block without crutches or other walking device, which plaintiff alleges he required.

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff's allegations do not state a claim against defendant Yin for violation of the Eighth Amendment. At most, plaintiff disagrees with defendant's failure to provide him with crutches on July 2, 2002, the day he broke his ankle. Plaintiff allegations establish that defendant Yin ordered an x-ray of plaintiff's ankle, and issued a medical chrono directing that plaintiff be provided with pillows and ice and be seen by an orthopedic doctor for a cast within three to six days. Plaintiff's belief that he should have been provided with additional or different treatment does not provide a basis for the imposition of liability on defendant Yin under section 1983.

5

b.  <u>Defendant Barr</u>

Plaintiff alleges that on July 3, 2002, he showed defendant Barr the chrono issued by defendant Yin but defendant Barr refused to provide him with any ice. Plaintiff alleges that on or around July 4, 2002, defendant Barr handcuffed plaintiff's arms behind his back and ordered him to hop over to another cell so that plumbing work could be performed on plaintiff's toilet. Plaintiff alleges defendant Barr refused his request for a walking device, and he lost his balance and fell on his injured ankle while hopping to the other cell. Plaintiff alleges he remained on the floor in great pain. Plaintiff was subsequently moved to the other cell and alleges he sustained damage to his ankle.

Plaintiff alleges that on July 8, 2002, and July 22, 2002, he asked defendant Barr to call the medical department on his behalf but defendant did not respond. Plaintiff alleges that defendant Barr denied him a shower on August 1, 2002, and on August 15, 2002, and denied his request for yard time and crutches on September 19, 2002.

Plaintiff's allegations do not support a claim that defendant Barr "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837. The court finds that plaintiff fails to state a claim against defendant Barr for violation of his rights under the Eighth Amendment.

c.  <u>Defendant Rivera</u>

Plaintiff alleges that on or around July 6, 2002, he requested a shower and to shave, but his request was denied by defendant Rivera. Plaintiff alleges that while using his sink to bathe, he slipped on the wet concrete. Plaintiff alleges that he yelled in pain and told defendant Rivera he needed medical care, but defendant Rivera failed to summon help. Plaintiff alleges that on July 12, 2002, his request for a shower was denied by defendant Rivera. Plaintiff alleges that on July 31, 2002, he asked defendant Rivera to contact the medical department for crutches but defendant told him he was not allowed to have them. Plaintiff alleges that on August 26, 2002, defendant Rivera denied him a shower and a shower chair.

Plaintiff's allegations do not support a claim that defendant Rivera "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837. The court

finds that plaintiff fails to state a claim against defendant Rivera for violation of his rights under the Eighth Amendment.

    d.  Defendant Thomson

Plaintiff alleges that on July 7, 2002, he asked defendant Thomson to check with the medical department regarding the provision of adequate medical care for plaintiff, but defendant did not reply. Plaintiff alleges that defendant denied him a shower on July 25, 2002, and that on July 29, 2002, when plaintiff requested that defendant call the medical department to provide crutches, defendant told him that the lieutenant disallowed the crutches. Plaintiff's request to speak with defendant Covey was denied. On August 4, 2002, after losing his balance, plaintiff asked defendant Thomson to call the medical department for crutches but his request was denied. Plaintiff alleges that defendant Thomson provided him with a shower on August 23, 2002, but there was no shower chair or handrail. Plaintiff alleges that on August 30, 2002, defendant Thomson provided him with a shower but denied his request for crutches.

Plaintiff's allegations do not support a claim that defendant Thomson "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. The court finds that plaintiff fails to state a claim against defendant Thomson for violation of his rights under the Eighth Amendment.

    e.  Defendant Covey

Plaintiff alleges that his inmate appeal was received by defendant Covey, a lieutenant, who directed medical staff to respond. Plaintiff also alleges that defendant Covey was aware of the actions of defendants Barr, Doe, Thomson, and Rivera, and allowed them to continue.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their subordinates under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

7

the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Absent the existence of an underlying violation, there is no basis for the imposition of liability via a theory of supervisory liability. Plaintiff's allegations do not support a claim that defendant Covey personally participated in the alleged deprivation of any constitutional rights; knew of any violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Therefore, plaintiff fails to state a claim for relief under section 1983 against defendant Covey.

### f.   Defendant Moore

Plaintiff alleges that defendant Moore, the Chief Medical Officer, repeatedly delayed performing medical treatment, and providing plaintiff with crutches, a cast, and surgery. Plaintiff's allegations do not support a claim that defendant Moore "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. The court finds that plaintiff fails to state a claim against defendant Moore for violation of his rights under the Eighth Amendment.

### g.   Defendant Mick

Plaintiff alleges that on July 11, 2002, he was taken to the Acute Care Hospital at CSP-Corcoran, where Dr. Smith confirmed he had a fibular fracture and requested that he be treated immediately. That night, plaintiff was taken to the Kern Medical Center Emergency Room, where more x-rays were taken, his ankle was reset, and he was provided with a splint. When plaintiff returned to CCI that night, he asked Registered Nurse Buchann for crutches, but defendant Mick told Buchann that plaintiff could not have crutches.

Defendant Mick's statement to Nurse Buchann that plaintiff was not allowed to have crutches does not support a claim that defendant Mick "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. The court finds that plaintiff fails to state a claim against defendant Mick for violation of his rights under the Eighth Amendment.

h.  <u>Defendant Doe 1</u>

Plaintiff alleges that defendant Doe 1 denied his request for a shower and to shave on July 21, 2002. Plaintiff alleges that on or around July 23, 2002, when his yard was being released, he requested crutches to go out to the yard but he was not allowed out of his cell and was not provided with crutches. Plaintiff alleges that defendant Doe again denied him yard time on July 26, 2002, and denied him a shower on August 9, 2002. Plaintiff alleges that defendant Doe denied him a shower and a shave on August 19, 2002, and denied him a shower on August 28, 2002. Plaintiff alleges that on September 19, 2002, defendant Doe 1 denied his request for yard time and crutches.

Plaintiff's allegations do not support a claim that defendant Doe 1 "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837. The court finds that plaintiff fails to state a claim against defendant Doe 1 for violation of his rights under the Eighth Amendment.

i.  <u>Defendant Kyle</u>

On October 1, 2002, plaintiff was released from the Security Housing Unit to general population at CCI and on October 3, 2002, plaintiff was provided with crutches and informed he would be transferring soon. Plaintiff transferred to CSATF on October 10, 2002, and subsequently put in a request to have his cast removed. On October 29, 2002, plaintiff was seen by defendant Kyle, who referred plaintiff to an orthopedist. Plaintiff was again seen by defendant Kyle on December 13, 2002, at which time he complained that his crutches had been confiscated by defendants Does 2 and 3. Plaintiff requested that he be provided with a replacement, but defendant Kyle referred plaintiff to an orthopedist and did not provide crutches. Plaintiff alleges that defendant Kyle failed to ensure that plaintiff was seen by an orthopedist. Plaintiff alleges that on December 19, 2002, he was again seen by defendant Kyle. His cast was removed and he was given crutches, but he had not yet received the consultation with the orthopedist. Plaintiff was thereafter seen by Dr. Smith, the orthopedist, on April 30, 2003, and provided with proper care.

Plaintiff's allegations do not support a claim that defendant Kyle "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837. The court
///

finds that plaintiff fails to state a claim against defendant Kyle for violation of his rights under the Eighth Amendment.

j.  Defendants Does 2 and 3

Plaintiff alleges that in November of 2002 during a cell search of his housing unit, defendants 2 and 3 asked plaintiff if he had a chrono for his crutches. When plaintiff stated it was in his medical file, defendant Doe 3 confiscated the crutches and told plaintiff they would be returned if the medical file contained a prescription for them. Plaintiff was provided with a wooden cane, which he alleges was inadequate.

The confiscation of plaintiff's crutches pending confirmation that plaintiff possessed a chrono for them does not support a claim that defendants Doe 2 and Doe 3 "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. The court finds that plaintiff fails to state a claim against defendants Doe 2 and Doe 3 for violation of his rights under the Eighth Amendment.

k.  Defendant McGuinness

Plaintiff alleges that because defendant Klarich passed away, he is naming current Chief Medical Officer McGuinness as a defendant in place of defendant Klarich. Plaintiff may not impose liability on defendant McGuinness under section 1983 on the basis that she is the current Chief Medical Officer. Plaintiff has not alleged any facts indicating that defendant McGuinness personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. The court finds that plaintiff fails to state a claim upon which relief may be granted under section 1983 against defendant McGuinness.

2.  State Law Tort Claims

Plaintiff alleges that defendants Yin, Moore, Kyle, and McGuinness committed medical malpractice. "To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." Rightley

v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted). Plaintiff has not alleged any facts which support a claim that defendants Yin, Moore, Kyle, and McGuinness committed medical malpractice.

        3.    ADA Claim

Although plaintiff does not allege a claim for violation of the Americans with Disabilities Act, plaintiff's allegations suggest that he is attempting to pursue such a claim. Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

In Roundtree v. Adams 1:01-cv-06502-OWW-SMS PC, the Honorable Oliver W. Wanger found that individual liability is precluded under Title II of the ADA. (Roundtree, Court Doc. 117.) In the opinion, Judge Wanger stated

> The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) . . . . "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000). The term "public entity," "as it is defined within the statute, does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *see also* 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *accord Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004) . . . . Individual liability is precluded under ADA Title II.

(Doc. 117, 16:18-17:6.) Accordingly, plaintiff may not pursue an ADA claim for relief against any of the individual defendants named in the complaint.

Assuming that plaintiff can remedy this deficiency by naming an entity as a defendant, plaintiff has not alleged any facts that support a claim he was subjected to intentional discrimination by reason of his disability and excluded from participation in any program or activity. Because plaintiff was not previously given leave to amend this claim, the court recommends that he be granted leave to file a third amended complaint, limited to amending his ADA claim. If plaintiff is given leave to amend, plaintiff is reminded that treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. <u>Burger v. Bloomberg</u>, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); <u>Fitzgerald v. Corr. Corp. of Am.</u>, 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

    4.    Claim for Injunctive Relief

In addition to money damages, plaintiff seeks unspecified injunctive relief. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." <u>Lyons</u>, 461 U.S.

at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A)

To the extent that plaintiff will be able to amend his complaint and state a cognizable claim for relief based on a violation of the ADA, there will be an actual case or controversy before this court with respect to a claim for money damages arising out of the entity-defendant's alleged past violation of plaintiff's rights under the ADA. However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of defendant which gives rise to plaintiff's claim for relief, and should plaintiff prevail, plaintiff's injury will not go unrecompensed because plaintiff has an adequate remedy at law. Id. Further, when an inmate seeks injunctive or declaratory relief

13

concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff is not entitled to equitable relief in this action for defendant's past conduct at a prison he is no longer housed within. Therefore, plaintiff's claim for injunctive relief is not cognizable and this action should proceed as one for money damages only.

D. Conclusion

Plaintiff's second amended complaint does not state any claims upon which relief may be granted under section 1983, the ADA, or California law for medical malpractice. With the exception of plaintiff's ADA claim, plaintiff has twice been given leave to amend and has been unable to cure the deficiencies in his claims. Accordingly, the court recommends that plaintiff's Eighth Amendment and medical malpractice claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. Because plaintiff was not previously given leave to amend his ADA claim, the court recommends that plaintiff be granted leave to file a third amended complaint, limited to his ADA claim only.

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Plaintiff's Eighth Amendment and medical malpractice claims be dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted;

2. Plaintiff's claim for injunctive relief be dismissed for failure to state a claim;

3. Plaintiff be granted leave to file a third amended complaint, limited to his ADA claim only; and

4. If plaintiff files a third amended complaint which attempts to expand this action beyond an ADA claim, the third amended complaint be stricken from the record for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   May 1, 2007**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE