# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JAMES SHEBBY, | CASE NO. 1:03-cv-06487-LJO-NEW (DLB) PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER THE ADA |
| v. | |
| DERRAL ADAMS, et al., | (Doc. 34) |
| Defendants. | ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| _____/ | |

I.      Screening Order

        A.      Procedural History

        Plaintiff Joshua James Shebby ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action, filed on October 24, 2003.[1]  On March 7, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted.  On March 23, 2005, plaintiff filed a first amended complaint, and on May 24, 2006, the court again dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted.  Plaintiff filed a second amended complaint on June 26, 2006.  On May 2, 2007, the Magistrate Judge issued a Findings and Recommendations recommending that

---

[1] This action was originally filed pursuant to 42 U.S.C. § 1983.  Plaintiff's 1983 claims have been dismissed, and the sole remaining claim is one for violation of 42 U.S.C. § 12132 (Americans with Disabilities Act).

plaintiff's Eighth Amendment claims, state law medical malpractice claims, and claim for injunctive relief be dismissed, and plaintiff be granted leave to file a third amended complaint, limited to his ADA claim only.  On August 28, 2007, the undersigned adopted the Findings and Recommendations in full and directed the Clerk's Office to file in plaintiff's third amended complaint setting forth his ADA claim, which plaintiff had submitted on July 23, 2007.

   B.  Screening Requirement

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

///

C.    Plaintiff's ADA Claim

Plaintiff is currently housed at California State Prison-Corcoran.  The events at issue in this action allegedly occurred at the California Correctional Institution in Tehachapi and the California Substance Abuse Treatment Facility and State Prison in Corcoran, where plaintiff was housed at the time.  Plaintiff names Chief Medical Officer Moor, Dr. Alan Yin, Lieutenant Covey, Sergeant Mick, and Correctional Officers Barr, Doe 1, and Doe 2 as defendants.  Plaintiff is seeking money damages for violation of Title II of the ADA.  Plaintiff's claim arises from the problems he experienced participating in prison activities such as yard time and showers after an incident on July 2, 2002, in which plaintiff broke his ankle while playing basketball.

Title II of the Americans with Disabilities Act "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.  "To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

As plaintiff was previously advised, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'"  Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v.

1    Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).  "The ADA defines 'public entity' in relevant

2    part as 'any State or local government' or 'any department, agency, special purpose district, or other

3    instrumentality of a State or States or local government.'"  Roundtree, 2005 WL 3284405, at *8

4    (citing 42 U.S.C. § 12131(1)(A)-(B)).  Public entity, "'as it is defined within the statute, does not

5    include individuals.'"  Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir.

6    1999)).  Thus, individual liability is precluded under Title II of the Americans with Disabilities Act,

7    and plaintiff may not pursue his ADA claim against the individual defendants named in his

8    complaint, who allegedly failed to provide him with crutches or a wheelchair, which would have

9    allowed him to safety participate in yard and shower time.

10        Further, treatment, or lack of treatment, concerning plaintiff's medical condition does not

11   provide a basis upon which to impose liability under the ADA.  Burger v. Bloomberg, 418 F.3d 882,

12   882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex

13   rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical

14   treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005)

15   (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249

16   (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").  Plaintiff's claim

17   in part simply recasts his Eighth Amendment claims concerning the failure of prison employees to

18   provide him with certain items for his medical injury.  For example, plaintiff alleges that defendant

19   Barr failed to provide him with ice or pillows on July 2, 2002, despite his medical chrono authorizing

20   those items.  Although plaintiff alleges that this resulted in the denial of "a qualified medical

21   service," the claim is not one of intentional preclusion from participation in a service, program, or

22   activity on the basis of a disability.  (Doc. 34, 4:23.)  Rather, defendant Barr allegedly refused to

23   honor the authorization chrono due to plaintiff's Security Housing Unit classification.  This does not

24   give rise to a claim for relief for violation of the ADA.

25        D.    Conclusion

26        Plaintiff's third amended complaint fails to state a claim upon which relief may be granted

27   for violation of the ADA, which is not a vehicle by which plaintiff may impose individual liability

28   on prison employees.  Plaintiff was previously notified of the deficiencies in his claim and provided

1   with the applicable legal standard, but failed to cure the deficiencies identified by the court.  Lopez

2   v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, this action is HEREBY DISMISSED,

3   with prejudice, for failure to state a claim upon which relief may be granted under the ADA.  This

4   dismissal SHALL count as a strike pursuant to 28 U.S.C. § 1915(g).

5

6   IT IS SO ORDERED.

7   **Dated:    August 31, 2007                    /s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5